| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gia Barilari - Pro se<br>605 N. Daisy Ave.<br>Pasadena, CA 91107<br>(626)390-1808<br><br>☒ *Individual appearing without counsel*<br>☐ *Attorney for:* | **FILED**<br><br>**NOV – 4 2011**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:        Deputy Clerk |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re<br>   Donald Harry Barilari<br><br><br><br>                                        Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:11-bk-50131-EC<br><br>DATE: 11/29/11<br>TIME: 1:30 P.M.<br>CTRM: 1639<br>FLOOR: 16 |

### NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: GIA BARILARI                                        )
### (Action in Non-bankruptcy Forum)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**  ☒ **255 East Temple Street, Los Angeles**       ☐ **411 West Fourth Street, Santa Ana**
                                    ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
                                    ☐ **3420 Twelfth Street, Riverside**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

        ☐ at the hearing    ☐ at least _____ court days before the hearing.

    (1)  ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2)  ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

    (3)  ☐  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of* ____   **F 4001-1M.NA**

| In re                                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Donald Harry Barilari                            Debtor(s). | CASE NO.: 2:11-bk-50131-EC |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 11/1/11

_____
*Print Law Firm Name (if applicable)*

Gia Barilari
_____
*Print Name of Individual Movant or Attorney for Movant*

_____
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                              **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 3 of* ____    **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Donald Harry Barilari | Debtor(s). | CASE NO.: 2:11-bk-50131-EC |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: GIA BARILARI )

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

   Case name: case 1. Gia Barilari v. Don Barilari; case 2. Don Barilari v. Gia and Anthony Barilari
   Docket number: case 1. GC047885; case 2. GC047982
   Court or agency where pending: case 1 and 2: Superior Court of California, County of Los Angeles

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary   petition under Chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on *(specify date)*: 9/23/11
   b. ☐ An Order of Conversion to Chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
   e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
   a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
   b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
   c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   e. ☒ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
   f. ☒ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
   g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of ____*   **F 4001-1M.NA**

| In re                                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Donald Harry Barilari                                                    Debtor(s). | CASE NO.: 2:11-bk-50131-EC |

c. ☒ Other evidence *(specify)*:
   Title Report for 716 Valley View Ave., Monrovia, CA 91107

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:

   a. ☒ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b. ☐ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

   c. ☐ Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☒ Additional provisions requested:

   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

   d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 11/1/11                              Respectfully submitted,

                                           GIA BARILARI
                                           _____
                                           *Movant Name*


                                           _____
                                           *Firm Name of Attorney for Movant (if applicable)*

                                    By:    _____
                                           *Signature*

                                    Name:  Gia Barilari
                                           _____
                                           *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                              **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 5 of* ____    **F 4001-1M.NA**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Donald Harry Barilari                        Debtor(s). | CASE NO.: 2:11-bk-50131-EC |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: <u>GIA BARILARI</u>                    )

I, <u>Gia Barilari</u>                                         , declare as follows:

*(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

    a.  ☒ I am the Movant.

    b.  ☐ I am the Movant's attorney of record in the Non-bankruptcy Action.

    c.  ☐ I am employed by the Movant as *(state title and capacity)*:

    d.  ☐ Other *(specify)*:

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3.  The Non-bankruptcy Action at issue is currently pending as:

    Case name:  case 1. Gia Barilari v. Don Barilari; case 2. Don Barilari v. Gia and Anthony Barilari
    Docket number:  case 1. GC047885; case 2. GC047982
    Court or agency where pending:  case 1 and 2: Superior Court of California, County of Los Angeles

4.  **Procedural Status:**

    a.  The causes of action pleaded in the non-bankruptcy forum are *(list)*:
        Case 1. Unlawful Detainer; Case 2. Quiet title

        True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit <u>A - B</u>    .

    b.  The Non-bankruptcy Action was filed on *(specify date)*:7/28/11

    c.  Trial or hearing began/is scheduled to begin on *(specify date)*:

    d.  The trial or hearing is estimated to require the following number of court days *(specify)*:1

    e.  Other defendants to the Non-bankruptcy Action are *(specify)*:None

5.  **Grounds for relief from stay:**

    a.  ☐ The claim is insured. The insurance carrier and policy number are *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of* ____   **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Donald Harry Barilari | |
| Debtor(s). | CASE NO.: 2:11-bk-50131-EC |

b.  ☒  The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1)  ☐  It is currently set for trial on:

   (2)  ☒  It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date):* 12/31/11
      The basis for this belief is *(specify):*
      Case 1 - Trial was set for October 4, 2011.  That date was abandoned due to the current bankruptcy filing. Trial
      must be granted within 20 days of request pursuant to California law.

   (3)  ☐  The matter involves non-debtor parties who are not subject to suit in the bankruptcy court.  A single trial in the non-
      bankruptcy forum is the most efficient use of judicial resources.

c.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1)  ☐  Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

   (2)  ☐  The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon
      the following facts *(specify):*

   (3)  ☐  Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11  ☐ 13    bankruptcy case
      based upon the following facts *(specify):*

d.  ☐  For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that
this Declaration was executed on** _November 1_____ , _2011_ , **at** _Pasadena, California_____ *(city, state).*

Gia Barilari
_____
*Print Declarant's Name*

_____
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                      **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 7 of ____*   **F 4001-1M.NA**

| In re<br>Donald Harry Barilari | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:11-bk-50131-EC |
|---|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2990 E. Martin Luther King Blvd., Linwood, CA 90262

A true and correct copy of the foregoing document described as <u>Motion for Relief from Stay</u> _____
_____ will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On <u>11/4/11</u> _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Alberta P Stahl (TR) Chapter 7 Trustee:  trusteestahl@earthlink.net
United states Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On <u>11/4/11</u> _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Debtor: Donald H. Barilari, Sr., 716 Valley View Ave., Monrovia, CA 91016

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>11/1/11</u> _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Honorable Judge Ellen Carroll, United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/4/11 | Brian McFee | *[signature]* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

# EXHIBIT A

**UD-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Brian D. Heckmann<br>Law Offices of Brian D. Heckmann<br>2304 Huntington Drive, Suite 224<br>San Marino, California  91108<br>S.B.N.: 102725<br>TELEPHONE NO.: (626) 285-1482   FAX NO. *(Optional)* (626) 285-1783<br>E-MAIL ADDRESS *(Optional)*: BDHECKMANN@YAHOO.COM<br>ATTORNEY FOR *(Name)*: Plaintiff GIA BARILARI | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 150 W. Commonwealth Avenue
MAILING ADDRESS: Same as street address
CITY AND ZIP CODE: Alhambra, California  91801
BRANCH NAME: Northeast Judicial District/Limited

PLAINTIFF: GIA BARILARI

DEFENDANT: DONALD BARILARI, SR. and

[X] DOES 1 TO 100

**COMPLAINT — UNLAWFUL DETAINER***

[X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number):*_____

CASE NUMBER:

**Jurisdiction** *(check all that apply):*

[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded [X] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
[ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF *(name each)*: GIA BARILARI

alleges causes of action against DEFENDANT *(name each)*: DONALD BARILARI, SR.

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.  (4) [ ] a partnership.
    (2) [ ] a public agency.  (5) [ ] a corporation.
    (3) [ ] other *(specify):*

  b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   716 Valley View Avenue, Monrovia, California  91016, Los Angeles

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date)*: March, 2004   defendant *(name each)*: DONALD BARILARI, SR.

   (1) agreed to rent the premises as a [X] month-to-month tenancy [ ] other tenancy *(specify):*
   (2) agreed to pay rent of $ 1,300.00 payable [X] monthly [ ] other *(specify frequency):*
   (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify):*
   b. This [ ] written [X] oral  agreement was made with
   (1) [X] plaintiff.  (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.  (4) [ ] other *(specify):*

***NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

**COMPLAINT—UNLAWFUL DETAINER**  Legal Solutions Plus  Civil Code, § 1940 et seq<br>Code of Civil Procedure §§ 425.12, 1166

| PLAINTIFF (Name):  GIA BARILARI | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): DONALD BARILARI, SR. and DOES 1 TO 100 | |

6. c. ☐ The defendants not named in item 6a are

    (1) ☐ subtenants.

    (2) ☐ assignees.

    (3) ☐ other (specify):

  d. ☒ The agreement was later changed as follows (specify): Rent increase to $1,500.00 per month.

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):

    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.

    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): DONALD BARILARI, SR.

    was served the following notice on the same date and in the same manner:

    (1) ☐ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit

    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit

    (3) ☒ 60-day notice to quit    (6) ☐ Other (specify):

  b. (1) On (date): 7-23-11    the period stated in the notice expired at the end of the day.

    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. ☐ All facts stated in the notice are true.

  d. ☒ The notice included an election of forfeiture.

  e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:

    (1) ☒ by personally handing a copy to defendant on (date): 5-24-11

    (2) ☐ by leaving a copy with (name or description):

      a person of suitable age and discretion, on (date):    at defendant's

      ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on (date):    because defendant cannot be found at defendant's residence or usual place of business.

    (3) ☐ by posting a copy on the premises on (date):    ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date):

      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR

      (b) ☐ because no person of suitable age or discretion can be found there.

    (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):

    (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

  b. ☐ (Name):

    was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☒ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

PLAINTIFF (Name): GIA BARILARI

DEFENDANT (Name): DONALD BARILARI, SR. and DOES 1 TO 100

CASE NUMBER:

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $
11. ☒ The fair rental value of the premises is $ 50.00 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.
15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☐ past-due rent of $
   d. ☐ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.

   f. ☒ damages at the rate stated in item 11 from *(date):* 7-24-11 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☒ other *(specify):*
      For such other and further relief as the court deems just and proper.

18. ☒ Number of pages attached *(specify):* 2

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*

Date: July 28, 2011

Brian D. Heckmann
(TYPE OR PRINT NAME)

▶ *Brian D. Heckmann*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 28, 2011

Gia Barilari
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PLAINTIFF)

# EXHIBIT B

ORIGINAL FILED

NOV 25 2011

LOS ANGELES
SUPERIOR COURT

1  ARA HOVANESIAN, ESQ.
2  HOVANESIAN & HOVANESIAN
   301 East Colorado Boulevard, Suite 514
3  Pasadena, California 91101-1919
   (626) 795-0247    Bar No.  048031
4
   Attorneys for Plaintiff DONALD H. BARILARI, SR.
5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11                                            GC047982

12  DONALD H. BARILARI, SR.,            )    Case No.
    DOES 1 to 10, Inclusive,           )
13                                      )    [Related Case No. GC047885]
            Plaintiff,                  )
14                                      )
    vs                                  )    COMPLAINT
15                                      )
    GIA BARILARI, aka GIA EVELYN WONG;  )
16  ANTHONY BARILARI; DOES 20 to 30,    )    1.  Constructive Trust
    Inclusive,                          )    2.  Breach Of Contract
17                                      )    3.  Accounting
            Defendants.                 )    4.  Fraud
18                                      )

19        Plaintiff alleges:

20                        FIRST CAUSE OF ACTION

21                          Constructive Trust

22                       (Against All Defendants)

23        1.    The real property referred to herein is that real property

24  located at 716 Valley View Avenue, Monrovia, California 91016,

25  located in Los Angeles County, California, and more fully described

26  as follows:

27             All that certain property situated in the County

28             of Los Angeles, and State of California, being

                              -1-

                           COMPLAINT

described as follows:

LOT 17 IN BLOCK "C" OF OAK PARK TRACT, IN THE
CITY OF MONROVIA, COUNTY OF LOS ANGELES, STATE
OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 11,
PAGE 105 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

APN: 8516-041-007

2.   Defendant, GIA BARILARI, is, and at all times herein
mentioned was, a resident of Los Angeles County, California.  GIA
BARILARI is, and at all times mentioned herein, the daughter-in-law
of Plaintiff, DONALD H. BARILARI, SR.  GIA BARILARI is married to
Defendant, ANTHONY BARILARI.

3.   Defendant, GIA BARILARI, has been known as, and has used
the name, GIA EVELYN WONG.  GIA BARILARI took title to the real
property at 716 Valley View Avenue, Monrovia, California 91016, as
GIA EVELYN WONG.

4.   Defendant, ANTHONY BARILARI, is, and at all times mentioned
herein was, a resident of Los Angeles County, California.

5.   Defendant, ANTHONY BARILARI, is the son of Plaintiff,
DONALD H. BARILARI, SR.

6.   Defendant ANTHONY BARILARI is, and at all times mentioned
herein, the husband of Defendant GIA BARILARI.

7.   Plaintiff is ignorant of the true names and capacities of
Defendants sued herein as DOES 20 through 30, inclusive, and,
therefore, sues these Defendants by their fictitious names.
Plaintiff will amend this complaint to allege their true names and
capacities when ascertained.

8.   At all times herein mentioned, each of the Defendants was

-2-

**COMPLAINT**

1    the agent of the remaining Defendants and was at all times acting

2    within the scope of said agency and each Defendant has ratified and

3    approved the acts of the remaining Defendants.

4        9.   As a result of the relationship between Plaintiff and

5    Defendants, there existed, and exists, at all times herein mentioned,

6    a fiduciary relationship between Plaintiff and Defendants and the

7    duty owing, and owed, by Defendants to Plaintiff is the duty of a

8    fiduciary to its principal as a matter of law.

9       10.  On or about February 20, 2004, Plaintiff and Defendants

10   orally agreed that Plaintiff would transfer legal title to the real

11   property at 716 Valley View Avenue, Monrovia, California, to GIA

12   EVELYN WONG without consideration.  Plaintiff and Defendants agreed

13   that GIA EVELYN WONG would hold such title for the benefit of

14   Plaintiff and that Plaintiff would retain all of the equitable

15   interest in said real property.

16      11.  Plaintiff and Defendants further agreed that GIA EVELYN

17   WONG would immediately obtain a loan on said real property for

18   purposes of refinancing.

19      12.  In reliance on these promises by Defendants, Plaintiff

20   transferred legal title to the real property at 716 Valley View

21   Avenue, Monrovia, California, to GIA EVELYN WONG.

22      13.  Defendant GIA EVELYN WONG obtained such loan on or about

23   March 12, 2004.

24      14.  As  compensation  for  obtaining  the  above-described

25   refinancing, Plaintiff paid to Defendants one-percent (1%) of the

26   loan proceeds amounting to $4,080.00.

27      15.  Plaintiff has owned and resided in the real property at 716

28   Valley View Avenue, Monrovia, California, continuously from 1975 to

-3-

COMPLAINT

1  the present time.

2      16.  From March 2004, Plaintiff has paid to Defendants monthly

3  to February 18, 2010, amounts for trust deed payments, taxes and

4  insurance related to the real property at 716 Valley View Avenue,

5  Monrovia, California, said amounts total $161,591.50.

6      17.  On July 28, 2011, Defendant GIA EVELYN WONG, also known as

7  GIA BARILARI, filed an unlawful detainer action against Plaintiff,

8  contending that GIA BARILARI was the owner of the real property at

9  716 Valley View Avenue, Monrovia, California, and that Plaintiff was

10  a tenant, and had been a tenant since March 2004.

11      18.  In the unlawful detainer action, Defendant GIA EVELYN WONG,

12  aka GIA BARILARI, claims damages from and after July 29, 2011, at the

13  rate of $50.00 per day, as the fair rental value of the property at

14  716 Valley View Avenue, Monrovia, California.

15      19.  Plaintiff is informed and believes that Defendant has

16  entered into an agreement for the sale of the property at 716 Valley

17  View Avenue, Monrovia, California, to third parties who are unknown

18  to Plaintiff.

19      20.  Plaintiff has demanded of Defendants that Defendants

20  acknowledge that Plaintiff is the equitable owner of the real

21  property at 716 Valley View Avenue, Monrovia, California,  and that

22  Defendant GIA EVELYN WONG reconvey legal title to said property to

23  Plaintiff.

24      21.  Defendants have failed and refused, and continue to fail

25  and refuse, to acknowledge that Plaintiff is the equitable owner of

26  said real property and to reconvey legal title to Plaintiff.

27      22.  Plaintiff is informed and believes, and thereon alleges

28  that, at the time Defendants made the promises to Plaintiff as

-4-

1  alleged above, Defendants had no intention of performing them.

2      23. Plaintiff is informed and believes, and thereon alleges,

3  that Defendants made these promises to Plaintiff with the intent to

4  defraud Plaintiff and to induce Plaintiff to transfer legal title to

5  the real property at 716 Valley View Avenue, Monrovia, California,

6  to Defendant GIA EVELYN WONG.

7      24. At the time these promises were made, and at the time

8  Plaintiff acted in reliance on them, Plaintiff was ignorant of

9  Defendants' secret intention not to perform, and could not, in the

10  exercise of reasonable diligence, have discovered Defendants' secret

11  intention and, therefore, acted reasonably in relying on Defendants'

12  promises. Had Plaintiff known of Defendants' secret intention not

13  to perform, Plaintiff would not have acted in reliance on Defendants'

14  promises.

15      25. By virtue of their fraudulent acts, Defendants, and

16  specifically Defendant GIA EVELYN WONG, holds the real property at

17  716 Valley View Avenue, Monrovia, California 91016, as a constructive

18  trustee for the benefit of Plaintiff.

19      26. Plaintiff further alleges that he will be deprived of his

20  beneficial interest in the property held in trust for him by

21  Defendants, and specifically Defendant GIA EVELYN WONG, aka GIA

22  BARILARI, unless Defendant is forthwith enjoined from proceeding, and

23  continuing with, her unlawful detainer action which has been filed

24  as a separate action.

25          **SECOND CAUSE OF ACTION**

26          **Breach Of Contract**

27          **(Against All Defendants)**

28      27. Plaintiff incorporates in this Cause Of Action the

-5-

COMPLAINT

allegations of paragraphs 1 through 26.

28. At all material times, a fiduciary relationship existed between Plaintiff and Defendants, and each of them.

29. On or about July 28, 2011, Defendants breached the contract by filing an unlawful detainer action against Plaintiff and denying Plaintiff's interest in the real property at 716 Valley View Avenue, Monrovia, California.

30. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed.

31. As a result of Defendants' breach of the contract, Plaintiff has been damaged in the sum of $500,000.00, together with interest thereon from July 28, 2011.

### THIRD CAUSE OF ACTION

### Accounting

### (Against All Defendants)

32. Plaintiff incorporates in this Cause Of Action the allegations of paragraphs 1 through 26.

33. From time to time, Defendants have received payments as rents from third parties for the partial use of the real property at 716 Valley View Avenue, Monrovia, California.

34. Said amounts are held in trust by Defendants for the benefit of Plaintiff, or are to be applied and credited for Plaintiff's benefit and account.

35. The total amount of such money due from Defendants to Plaintiff is unknown and cannot be ascertained without an accounting.

36. Plaintiff has demanded Defendants account for said amount due to Plaintiff, but Defendants have failed and refused, and continue to fail and refuse, to render the accounting.

-6-

1 /////

## FOURTH CAUSE OF ACTION

### Fraud

### (Against All Defendants)

37. Plaintiff incorporates in this Cause Of Action the allegations of paragraphs 1 through 26.

38. On or about February 20, 2004, Defendants represented that they would hold legal title to the real property at 716 Valley View Avenue, Monrovia, California, for the benefit of Plaintiff and recognize Plaintiff as the equitable owner of said property.

39. In reliance on said representation by Defendants, Plaintiff transferred legal title to said property to Defendants, and specifically Defendant GIA EVELYN WONG.

40. On or about July 28, 2011, Defendants repudiated Plaintiff's ownership of said real property, and claimed that Defendants were the owners of said real property.

41. When Defendants made their representations to Plaintiff, they knew them to be false and made these representations with the intent to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations, in the manner alleged herein.

42. Plaintiff, at the time these representations were made by Defendants, and at the time Defendants took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to, and did, transfer legal title to the real property at 716 Valley View Avenue, Monrovia, California, to Defendants, and specifically Defendant GIA EVELYN WONG.

-7-

43. Thereafter, Defendants wrongfully denied Plaintiff's ownership and interest in said real property.

44. As a proximate result of the fraudulent conduct of the Defendants, as herein alleged, Plaintiff has been deprived of the real property at 716 Valley View Avenue, Monrovia, California, and has been damaged in an amount of $500,000.00.

45. The aforementioned conduct of the Defendants was an intentional misrepresentation, deceit or concealment of a material fact known to the Defendants with the intention, on the part of the Defendants, of thereby depriving Plaintiff of the real property at 716 Valley View Avenue, Monrovia, California, with a value of $500,000.00, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays judgment as follows:

1. For an order declaring that Defendants hold title to the real property at 716 Valley View Avenue, Monrovia, California 91016, in trust for Plaintiff;

2. For an order compelling Defendants to convey to Plaintiff the real property at 716 Valley View Avenue, Monrovia, California;

3. For an order preliminarily enjoining Defendants and their agents, and all persons acting under or in concert with Defendants, from selling or transferring title to the real property described above to third parties and from continuing the unlawful detainer action filed by Defendants against Plaintiff;

4. For an accounting of all monies owing to or credited to Plaintiff;

5. For damages in the amount of $500,000.00 plus attorney

-8-

1  fees;

2      6.    For punitive and exemplary damages;

3      7.    For costs of suit herein incurred, and;

4      8.    For such other and further relief as the Court may deem

5  proper.

6      Dated:  August 25, 2011.

7                                    HOVANESIAN & HOVANESIAN

8

9                                    _____
                                     ARA HOVANESIAN
10                                   Attorneys for Plaintiff

11

12

13                          **VERIFICATION**

14      I, DONALD H. BARILARI, SR., am the Plaintiff in the above-

15  entitled proceeding.  I have read the foregoing Complaint and know

16  the contents thereof.  The same is true of my own knowledge, except

17  as to those matters which are therein stated on information and

18  belief, and as to those matters, I believe it to be true.

19      I declare, under penalty of perjury under the laws of the State

20  of California, that the foregoing is true and correct.

21      Dated:  August 25, 2011

22

23      _____
        DONALD H. BARILARI, SR.

24

25

26

27

28

                              -9-

                          **COMPLAINT**

# EXHIBIT C

# Lawyers Title

7530 N. Glenoaks Blvd.
Burbank, CA 91504
Phone: (818) 767-2000
Fax: (818) 252-4540

| | |
|---|---|
| **Property Address:** | 716 VALLEY VIEW AVE |
| | MONROVIA, CA 91016 |
| **Assessor's Parcel No:** | 8518-041-007 |
| **Title Representative:** | CAMERON & RON |

## Thank You For Choosing Lawyers Title

This title information has been furnished without charge by Lawyers Title in conformance with the rules established by the California Insurance Commissioner, who urges you to shop for the best service available and compare charges and fees for title insurance and other services associated with the purchase or sale of a home.

This information is provided as an accommodation only. The infomation contained herein is not a complete statement or representation of the status of title to the property in question and no assurances are made or liability assumed as to the accuracy thereof. If you wish protection against loss with respect to the status of title, you should obtain a commitment, binder or policy of title insurance.

Data Deemed Reliable, But Not Guaranteed.
Copyright © 2004-2011 FIS Data Services, All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

08/18/2011 17:13:21 PM                                    Customer Service Rep: Rudy Raymundo

PROPERTY PROFILE

## Property Information

| | |
|---|---|
| Primary Owner : | WONG, GIA E |
| Secondary Owner : | N/A |
| Site Address : | 716 VALLEY VIEW AVE |
| | MONROVIA, CA 91016-2447 |
| Mailing Address : | 716 VALLEY VIEW AVE |
| | MONROVIA, CA 91016 |
| Assessor Parcel Number : | 8518-041-007 |
| Census Tract : | 4303.01 |
| Housing Tract Number : | N/A |
| Lot Number : | 17 |
| Page Grid : | 567-J3 |
| Legal Description : | Lot: 17   ; Block: C   ; Abbreviated Description: LOT:17    BLK:C CITY:REGION/CLUSTER: 05/05172 OAK PARK TRACT LOT 17 BLK C ; City/Muni/Twp: REGION/CLUSTER: 05/05172 |

## Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Bedrooms : | 3 | Year Built : | 1975 | Square Feet : | 1447 |
| Bathrooms : | 2.0 | Garage : | N/A | Lot size : | 9997 SF |
| Partial Bath : | 0 | Fireplace : | N/A | Number of Units : | 1 |
| Total Rooms : | 0 | Pool/Spa : | P | Use Code : | Single Family Residential |
| Zoning : | MORM* | | | | |

## Sale Information

| | | | |
|---|---|---|---|
| Transfer Date : | 06/27/2005 | Document # : | 05-1502203 |
| Transfer Value : | N/A | Cost/Sq Feet : | N/A |

## Assessment/Tax Information

| | | | |
|---|---|---|---|
| Assessed Value : | $561,742 | Tax Amount : | $7,360.01 |
| Land Value : | $449,395 | Tax Status : | Current |
| Improvement Value : | $112,347 | Tax Rate Area : | 6-218 |
| Percent Improvement : | 19 % | Homeowner Exemption : | N |

Data Deemed Reliable, But Not Guaranteed.
Copyright © 2004-2011 Lender Processing Services, Inc. All Rights Reserved. All other trademarks and copyrights are the property of their respective holders.
08/18/2011 17:13.21 PM                Customer Service Rep.        Rudy

PROPERTY PROFILE

# TITLEPOINT

Tax Search
Los Angeles, California
Assessor's Parcel 8518-041-007
Tax Year: 2010-2011
Payment as of: 08/15/2011

Printed: 8/18/2011 5:13:30 PM PST
Searched: 8/18/2011 5:13:00 PM

Order: Non-Order Search
Co: Lawyers Title Insurance Company
Dept: Burbank CS CRN: 0006300021
TO: 01

Printed By: rudyr

Created By: rudyr

| APN: | 8518-041-007 |
|---|---|
| Described As: | LOT 17 BLK C OAK PARK TRACT |
| Address: | 716 VALLEY VIEW AVE MONROVIA CA 91016 |
| City: | MONROVIA-48 |
| Billing Address: | 716 VALLEY VIEW AVE MONROVIA CA 91016 |
| Assessed Owner(s): | WONG,GIA E |

| | | Value | | Conveyance Date: | 01/03/1990 |
|---|---|---|---|---|---|
| Tax Rate Area: | 0006218 | Land: | 449,395.00 | Conveying Instrument: | 9657 |
| | | Improvements: | 112,347.00 | Date Transfer Acquired: | |
| Use Code: | 0101 | Personal Property: | | Vesting: | |
| **Single residence, with pool** | | Fixtures: | | Year Built: | 1975 |
| Region Code: | 05 | Inventory: | | Year Last Modified: | 1975 |
| Flood Zone: | | | | | |
| Zoning Code: | MORM* | **Exemptions** | | | |
| Taxability Code: | | Homeowner: | | **Square Footage** | |
| | | Inventory: | | Land: | |
| Tax Rate: | | Personal Property: | | Improvements: | 1447 |
| | | Religious: | | | |
| Bill #: | | All Other: | | Tax Defaulted: | |
| Issue Date: | 10/15/2010 | Net Taxable Value: | 561,742.00 | Total Tax: | 7,360.01 |

| Installment | Amount | Penalty | Due Date | Status | Payment Date | Balance |
|---|---|---|---|---|---|---|
| 1st | 3,680.01 | 368.00 | 12/10/2010 | NOT PAID-DELINQUENT | | 4,048.01 |
| 2nd | 3,680.00 | 378.00 | 04/10/2011 | NOT PAID-DELINQUENT | | 4,058.00 |
| | | | | | | 8,106.01 |

| Account | Special Lien Description | Amount |
|---|---|---|
| | | 9.03 |
| 61.32 | SAN GABRIEL MOSQ ABATE | 10.48 |
| 212.61 | MONROVIA PARK MAINT | 39.00 |
| 212.62 | MONROVIA OPEN SPACE TAX | 5.00 |
| 212.63 | MONROVIA OPEN SPACE MAIN TAX | 62.00 |
| 212.64 | MONROVIA LIBRARY SPECIAL TAX | 56.14 |
| 212.97 | MONROVIA LDSCP & LTNG MAINT DIST | 43.40 |
| 30.71 | L.A. COUNTY FLOOD CONTROL | 130.00 |
| 62.15 | CO SANITATION DIST NO. 15 | 9.26 |
| 337.36 | MWD WATER STANDBY CHARGE - 15 | 87.92 |
| 999.99 | ALL OTHER SPLS COMBINED | |

## ** MORE SPECIAL LIENS ON FILE

**THIS INFORMATION IS PROVIDED FOR CUSTOMER SERVICE PURPOSES ONLY. PROPERTY INSIGHT DOES NOT WARRANT, NOR GUARANTEE THE ACCURACY NOR COMPLETENESS OF THE INFORMATION SHOWN ON THIS REPORT**

### *** END OF REPORT ***