```
FILED
NOV 15 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk
```

DONALD HARRY BARILALRI
716 Valley View Avenue
Monrovia, California 91016
(626) 676-0201

In Pro Per

**ORIGINAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No. 2:11-bk-50131-EC |
| DONALD HARRY BARILARI, Debtor<br>GIA BARILARI, Movant | **OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | Date:       November 29, 2011<br>Time:       1:30 P.M.<br>Courtroom:   1639<br>Floor:       16 |

To:  GIA BARILARI:

Debtor DONALD HARRY BARILARI opposes this motion for relief from the automatic stay as follows:

1.  Any reply by you to this opposition must be filed with the Court and served on the opposing party not later than 7 days prior to the hearing on the motion.

### EVIDENTIARY OBJECTION

2.  Debtor objects to the admission of Exhibit C attached to the motion of GIA BARILARI.  This document is entitled "Property Profile," as it relates to the real property at 716 valley View Avenue, Monrovia, California 91016.  Debtor objects on the grounds

-1-

OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY

of hearsay and lack of foundation.

**POINTS AND AUTHORITIES IN OPPOSITION TO THE**

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

3.  GIA BARILARI has filed this motion to lift the automatic stay as to an unlawful detainer action pending in the Los Angeles Superior Court.

4.  GIA BARILARI states in the unlawful detainer action that she is the owner of the real property at 716 Valley View Avenue, Monrovia, California 91016. (Page 4, Exhibit A to motion)

5.  However, as set forth in detail in the attached declaration of Debtor, DONALD HARRY BARILARI, the pending complaint to impose a constructive trust on that property (Exhibit B attached to motion), states that GIA BARILARI is not, and never has been, the owner of the property at 716 Valley View Avenue.

6.  Debtor purchased the property in 1975, and has continually resided there.

7.  In 2004, in order to facilitate refinancing, Debtor transferred legal title to GIA BARILARI for the sole purpose of refinancing. GIA BARILARI and Debtor agreed at that time that Debtor would remain the equitable owner of the property. GIA BARILARI and Debtor further agreed at the time of transfer of legal title, that at a future date, GIA BARILARI would transfer legal title back to Debtor DONALD HARRY BARILARI.

8.  GIA BARILARI was paid $4,080.00 by Debtor for GIA BARILARI's assistance in obtaining refinancing.

9.  Since 2004, Debtor has paid GIA BARILARI $161,591.50 for trust deed payments, property taxes, and insurance related to the property, which amounts GIA BARILARI has forwarded to the lender,

-2-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1  property tax collector, and insurance company.

2      10.  In addition, Debtor had rented a portion of the property
3  to a friend for $800.00 per month, which amount was paid by the
4  tenant to GIA BARILARI.  That $800.00 per month payment was in
5  addition to the $161,591.50 paid to GIA BARILARI, and GIA BARILARI
6  had agreed to give that amount to Debtor but she has not done so.

7      11.  A copy of the unlawful detainer complaint is attached as
8  Exhibit A to the motion.

9      12.  However, the complaint copy is incomplete.  Paragraph 7e
10  of that complaint, Exhibit A attached to the motion, states that a
11  copy of the notice to quit is attached.  But it has been omitted from
12  Exhibit A.

13      13.  As set forth in the attached declaration of Debtor DONALD
14  HARRY BARILARI, a copy of that notice to quit is attached thereto as
15  Exhibit "1."  That notice to quit is not for unpaid rent.  That
16  notice to quit is to evict Debtor from 716 Valley View Avenue,
17  Monrovia, California, as GIA BARILARI seeks to sell that property.

18      14.  In addition, the unlawful detainer complaint does not seek
19  any delinquent rent.  The only damages sought are for the use of the
20  property afer July 24, 2011, the date the unlawful detainer action
21  was filed.

22      15.  The dispute between the moving party and the Debtor is not
23  about rent, but about ownership of the property.

24      16.  As more fully set forth in the attached declaration of
25  Debtor DONALD HARRY BARILARI, there is another action pending between
26  the parties to establish ownership.

27      17.  A copy of the complaint to resolve the question of
28  ownership of the property at 716 Valley View Avenue is attached to

-3-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1 the motion as Exhibit B.

2     18.  As more fully set forth in Exhibit B and in the attached declaration of Debtor DONALD HARRY BARILARI, moving party GIA BARILARI is not now, and never has been, the owner of the property at 716 Valley View Avenue, Monrovia, California.

6     19.  The complaint for constructive trust and related causes of action related to the ownership of the property at 716 Valley View Avenue is not entitled to priority setting for trial.

9     20.  The complaint for unlawful detainer is entitled to priority setting within 20 days.

11     21.  More importantly, the issue of ownership of the property is not allowed to be tried in the unlawful detainer action.  It must be established in the currently pending constructive trust action, Exhibit B to the motion.

15     22.  Movant contends in her motion that the unlawful detainer action is in advanced stages of discovery and will be set for trial by December 31, 2011.  (Motion, 3, paragraph 5, b, of GIA BARILARI declaration)

19     23.  As set forth in the attached declaration of Debtor DONALD HARRY BARILARI, this is incorrect.  GIA BARILARI has been served with discovery but has refused to respond.

22     24.  Movant contends that this matter can be tried more expeditiously in the non-bankruptcy forum.  But if GIA BARILARI is referring to the unlawful detainer action, the issue of ownership cannot be determined in that action as a matter of law.  Ownership can be determined in the constructive trust action, Exhibit B to the motion.

28     25.  The Court should also take note that, based on the Debtor's

-4-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

contention, Debtor is the owner of the real property at 716 Valley View Avenue, Monrovia, California, and property of the Debtor is property of the estate in this bankruptcy.

26. Movant GIA BARILARI currently has listed the property at 716 Valley View Avenue for sale. That property is property of the Debtor and has been his residence continuously since 1975.

27. Debtor transferred title to GIA BARILARI only for purposes of assisting with refinancing and Debtor paid GIA BARILARI $4,080.00 for her services.

28. Debtor has also paid a total of $161,591.50 to GIA BARILARI, on a pass-through basis, for trust deed payments, real property taxes, and insurance.

29. In addition, Debtor had rented a room in this property to a friend who was in need of a place to stay. That rent of $800.00 per month was paid to GIA BARILARI who has refused to credit Debtor with the $800.00 per month payments.

## CONCLUSION

30. This Court should deny the motion to lift the stay as to GIA BARILARI's unlawful detainer action because she is not the true owner of the property at 716 Valley View Avenue, Monrovia, California 91016.

31. As a matter of law, the issue of title cannot be determined in the unlawful detainer action. Ownership can properly be determined in the pending action for constructive trust. (Exhibit B attached to motion)

32. Debtor should not be evicted from his residence of over 30 years before his ownership is established. Debtor is currently unemployed and has no other place to live at present.

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

33. The property at 716 Valley View Avenue is properly property of this bankruptcy estate. GIA BARILARI should not be allowed to evict Debtor and sell the property.

34. In his attached declaration, Debtor DONALD HARRY BARILARI has set forth credible evidentiary facts stating the basis for his ownership of the property.

35. This Court should deny the motion of GIA BARILARI to lift the stay and allow the issue of ownership to be resolved in the pending action for constructive trust.

36. Alternatively, the issue of ownership should be resolved in this Court.

Dated: November 14, 2011.

Respectfully Submitted,

*Donald H. Barilari*
DONALD HARRY BARILARI,
Debtor, In Pro Per

-6-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**DECLARATION OF DONALD HARRY BARILARI**

**IN OPPOSITION TO THE MOTION FOR**

**RELIEF FROM THE AUTOMATIC STAY**

1. I, DONALD HARRY BARILARI, am the Debtor in this case and the Defendant in the unlawful detainer action. I have personal knowledge of the matters set forth in this declaration and if called upon to testify, I could and would competently testify thereto.

2. In the unlawful detainer action complaint, a copy of which is attached to the motion is Exhibit A, Movant GIA BARILARI contends that she is the owner of the property at 716 Valley View Avenue, Monrovia, California.

3. That statement is not correct. As more fully described below, I have been the owner of 716 Valley View Avenue since 1975, and I have lived there continuously since that date.

4. In the unlawful detainer action complaint, Movant GIA BARILARI alleges that I agreed to rent the property at 716 Valley View Avenue from her in March 2004, and agreed to pay rent of $1,300.00 per month.

5. These statements are not correct. As more fully described below, I have never entered into any agreement with GIA BARILARI to rent the property at 716 Valley View Avenue.

6. The unlawful detainer action, Exhibit A to the motion, states that a copy of the 60-day notice to quit served on me is attached to the unlawful detainer complaint. But no copy of that notice is attached to Exhibit A of the motion. A copy of that 60-day notice is attached hereto as Exhibit "1." Exhibit "1" is a copy of the 60-day notice to quit that was attached to the unlawful detainer complaint served on me. I am familiar with the signature of GIA

-7-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1  BARILARI and the signature of GIA BARILARI on Exhibit "1" is her
2  signature. That 60-day notice does not include any statement that
3  rent in any amount is due from me. In fact, the 60-day notice states
4  that the reason Movant wants me to vacate the property at 716 Valley
5  View Avenue is because she intends to sell it. And, in fact, she
6  currently has the property listed for sale.

7      7.  The unlawful detainer complaint, Exhibit "A" to motion,
8  also states that no rent was due at the time that the complaint was
9  filed. Paragraph 17 of the unlawful detainer complaint only requests
10 damages from July 24, 2011, three (3) days before the filing of the
11 complaint.

12     8.  The 60-day notice to quit also mentions that the back yard
13 is not well kept. The back yard was messy but has been cleaned up.
14 An amount of scrap iron was removed from the back yard as part of the
15 cleanup. That scrap iron was sold by TONY BARILARI, husband of GIA
16 BARILARI. TONY BARILARI has stated that he will give me the amount
17 received from the sale of the scrap iron. The front yard has always
18 been neatly kept.

19     9.  During 2004, I desired to refinance the loan on 716 Valley
20 View Avenue, Monrovia, California. But, because of financial
21 problems in my business, I had difficulty obtaining a loan. GIA
22 BARILARI offered to assist me by obtaining a loan on my behalf.

23     10. I agreed with GIA BARILARI that GIA BARILARI would obtain
24 a loan for my benefit. GIA BARILARI was paid $4,080.00 by me for her
25 assistance in refinancing my house.

26     11. On or about February 20, 2004, title to the real property
27 at 716 Valley View Avenue, Monrovia, California, was transferred to
28 GIA BARILARI so that she could obtain a loan. GIA BARILARI and I

-8-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1 | agreed that GIA BARILARI would hold title for my benefit and that I
2 | would retain all of the equitable interest in that property. GIA
3 | BARILARI and I agreed that legal title would be transferred back to
4 | me at a future time. No consideration was paid by GIA BARILARI to
5 | me for this transfer of title.

6 |     12. GIA BARILARI obtained a loan on or about March 12, 2004.
7 | The loan proceeds were used to pay off the existing loan on the 716
8 | Valley View property, to pay the expenses of obtaining the loan, with
9 | the remaining amount of the loan, approximately $44,000.00, paid to
10 | me.

11 |     13. As compensation for her services in obtaining the loan, GIA
12 | BARILARI was paid one-percent (1%) of the loan proceeds, amounting
13 | to $4,080.00, by me.

14 |     14. From March 2004, I have paid monthly to GIA BARILARI the
15 | amounts for monthly trust deed payments, real property taxes, and
16 | insurance. These payments total $161,591.50. I have cancelled
17 | checks for these payments by me to GIA BARILARI. GIA BARILARI has,
18 | in turn, forwarded these amounts in payment of trust deed
19 | installments, real property taxes, and insurance, to the lender,
20 | property tax collector, and insurance company.

21 |     15. From time to time, GAI BARILARI has also collected rents
22 | from others for the partial use of the premises but has not accounted
23 | to me for any of these amounts.

24 |     16. During 2009, one of my friends and her boyfriend needed a
25 | place to live. I agreed to rent them a room for $800.00 per month.
26 | The $800.00 per month was paid by my tenants to GIA BARILARI who had
27 | agreed to use that amount as part of the monthly trust deed payments.
28 | But she has not done so and has kept these $800.00 per month rent

-9-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

payments.

17. Since the filing of the unlawful detainer action against me by GIA BARILARI, I have filed an action to impose a constructive trust on the property at 716 Valley View Avenue in order to regain title to my property. That action is Case No. GC047982 and is currently pending and is against GIA BARILARI and her husband TONY BARILARI. A copy of the complaint in that action is attached as Exhibit B to GIA BARILARI's motion for relief from the automatic stay.

18. In her declaration in support of her motion, at b(2), GIA BARILRI states that the unlawful detainer action is in advanced stages of discovery and that it will be set for trial before December 31, 2011.

19. That statement is incorrect. GIA BARILARI has refused to respond to discovery in the unlawful detainer action. That discovery directly addresses issues of GIA BARILARI's contention that she is the owner of the property at 716 Valley View Avenue, including how she obtained title and the fact that she was to have been making trust deed, property tax, and insurance payments totaling $161,591.50 which I had paid to her.

20. GIA BARILARI's hope and intent is to be able to proceed with the unlawful detainer action, oust me from possession of my house, and sell the house before I can recover title to the property at 716 Valley View Avenue.

21. I understand that unlawful detainer is a priority action, and that trial will be set in 20 days. I also understand that I will not be able to have the issue of my ownership determined in the unlawful detainer action. The trial of the issue of ownership will

-10-

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

have to await trial of my action to impose a constructive trust on the property.

22. The action to impose a constructive trust and to regain my title to the property at 716 Valley View Avenue is not a priority action and will not be heard until long after the unlawful detainer action, if this Court grants the motion to lift the stay.

23. I believe it to be GIA BARILARI's intent to complete the sale of the property at 716 Valley View Avenue long before my ownership is confirmed. As noted above, GIA BARILARI currently has that property listed for sale.

24. I have also been informed by my attorney in the constructive trust action, that he has received an offer by GIA BARILARI and TONY BARILARI to settle my action for constructive trust by re-transferring legal title to 716 Valley View Avenue back to me.

25. If this settlement offer is completed, it should make the unlawful detainer action unnecessary and there would be no need to lift the stay related to it.

26. In addition it should be noted that the property at 716 Valley View Avenue is my property and is property of the estate in this bankruptcy.

27. For me to be evicted from my residence while regaining title and possession in my later-tried action would constitute irreparable injury to me, while any harm to GIA BARILARI would be minimal by leaving the stay in place while ownership of the house at 716 Valley View Avenue is determined in the pending constructive trust action.

28. The proper approach would be to determine the issue of ownership in my action against GIA BARILARI for constructive trust

-11-

1 | first.

2 |     29.   Then only after ownership is determined should the issue
3 | of eviction be considered.  I should not be evicted with no place to
4 | go and no current income pending a judicial determination of my
5 | ownership of this property.  Particularly in this case, where this
6 | property is also properly property of my bankruptcy estate.

7 |     30.   I declare under penalty of perjury under the laws of the
8 | United States of America that the foregoing in true and correct and
9 | that this declaration was executed on November 14, 2011, at Pasadena,
10 | California.

*/s/ Donald H. Barilari*
DONALD HARRY BARILARI

**OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**EXHIBIT "1"**

May 24, 2011

TO:     Donald Barilari, Sr.
        716 Valley View Ave.
        Monrovia, CA 91016

**PLEASE TAKE NOTICE** that your month-to-month tenancy at the above-described premises is hereby terminated as of 60 days after the service of this **NOTICE** upon you and you are hereby required to quit and surrender possession of the premises to the undersigned no later than 60 days after the service of this **NOTICE** upon you.

This notice is intended as a 60 day legal notice for the purpose of terminating your tenancy in accordance with California Civil Code Sections 1947 and 1946.1.

This **NOTICE OF TERMINATION** is served upon you for the following reasons:

1.  Failure to maintain the premises in reasonably clean condition, and excess exterior storage of rubbish, vehicles and debris.

2.  The landlord seeks in good faith to remove the property from the rental market and to sell the same.


DATED: May 24, 2011         _____
                            Gia Barilari,
                            Landlord

Exhibit "1"

Declaration of _____ RE: Default Under **F 4001-1.DEC**
Adequate Protection Order; Request for Entry of Order Granting Relief From Stay - *Page 3*

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| DONALD HARRY BARILARI                          Debtor(s). | CASE NO.: 2:11-bk-50131- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

301 E. Colorado Blvd., Ste. 514, Pasadena, California 91101

A true and correct copy of the foregoing document described as __OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 11/15/11 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Movant:   GIA BARILARI, 605 N. Daisy Ave., Pasadena, CA 911007
U.S. Trustee:   ALBERTA P. STAHL, Esq., 221 N. Figueroa St., Ste. 1200, Los Angeles, CA 90012
Judge:   HONORABLE ELLEN CARROLL, Judge
          Courtroom 1639, U.S. Bankruptcy Court, 255 E. Temple St., Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/15/11 | CHRISTINA FRAGOSO | *Christina Fragoso* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                       **F 4001-1.DEC**