TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Alberta P. Stahl
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>DONALD HARRY BARILARI,<br><br>Debtor. | Case No. 2:11-bk-50131-RK<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO LEAVE CERTAIN ASSET OF THE ESTATE UNADMINISTERED; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:**

Alberta P. Stahl, the Chapter 7 Trustee (the "Trustee") herein, hereby moves this Court for an order pursuant to 11 U.S.C. §§ 350(a), 554(c) and 105(a), authorizing the Trustee to close this bankruptcy case and leaving unadministered a certain asset of the estate. The subject asset consists of the estate's interest in the litigation pending in the Los Angeles Superior Court as Case No. GP015711 (the "Claim").

The Supreme Court of California is currently reviewing an appeal of an unrelated adversary action (Adversary Case 6:09-ap-01205, *Carmack, et al. v. Reynolds, et al.*) that would resolve the main issue of the Claim (*i.e.*, whether the bankruptcy trustee may attach the corpus of a spendthrift trust).  Rather than keeping this case open and dormant for an unknown duration of time pending conclusion of that appeal, the Trustee believes it is in the best interest of the estate and its creditors that the Trustee be authorized to close this case with the Claim left unadministered and deemed not abandoned upon case closure.  The Claim is the only asset of the estate and allowing closure of the case and leaving the asset unadministered will allow the Court to close this "aged" case.  If the result of the appeal is favorable to the Trustee, she can reopen the case to administer such additional funds received.

This Motion is brought in accordance with 11 U.S.C. §§ 350(a), 554(c) and 105(a), and is made on the grounds that it is presently uncertain if and when a distribution will be made on the Claim, there are no other assets to administer in the estate, and closure would not prejudice the estate's creditors since, in the event that the appeal is favorable to the Trustee, she will seek to reopen this case for such purpose for the benefit of creditors.

In support of this Motion, the Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declaration of Alberta P. Stahl attached hereto, the pleadings and orders on file in this bankruptcy case, and such other and further evidence and argument as may be made.

Accordingly, the Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;
2. Authorizing the Trustee to leave the Claim unadministered, to be administered later, in the event that the pending appeal before the Supreme Court of California is decided in favor of the Trustee;
3. Deeming that the Claim is <u>not</u> abandoned upon the closure of the case; and

///

///

///

1     4.     Providing such other and further relief as is just and proper.

DATED: April 28, 2016     LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: _____*/s/ Timothy J. Yoo*_____
    TIMOTHY J. YOO
    CARMELA T. PAGAY
    Attorneys for Alberta P. Stahl
    Chapter 7 Trustee

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

Donald Harry Barilari (the "Debtor") commenced this case (the "Case") by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code on September 23, 2011. Alberta P. Stahl was appointed as the Chapter 7 Trustee.

Through a tip from a creditor, a potentially valuable but undisclosed asset of the Debtor was discovered (*i.e.*, his beneficial interest in a trust created by his now-deceased father). Certain dispute had arisen between the Debtor and the trustee of that trust, causing the litigation pending in the Los Angeles Superior Court as Case No. GP015711 (the "Claim").

The Trustee successfully intervened in state court, alleging that she is the true party in interest and the owner of the Claim. Although a settlement was reached among the parties, a written agreement was never executed. Now, the Claim needs to be litigated.

The main issue of the Claim is whether a bankruptcy trustee may attach the corpus of a spendthrift trust. That exact issue is currently being reviewed by the Supreme Court of California (Case No. S224985). It is presently uncertain when the appeal will be decided.

## II.

## TRUSTEE SHOULD BE AUTHORIZED TO LEAVE THE CLAIM AS AN UNADMINSISTERED ASSET

Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Closure of this case at this time, with the Claim left unadministered, is appropriate for the following reasons:

    A.    <u>The Appeal Before The Supreme Court of California Is Pending.</u>

It is currently uncertain when the appeal before the Supreme Court of California will be decided. Accordingly, rather than keeping this case open for an indefinite period, the Trustee believes that this estate would be better served by closing the case and reopening it in the future if the decision of the Supreme Court of California is favorable to the Trustee.

    B.    <u>Closure Of The Case At This Time Would Not Prejudice Creditors.</u>

Closure of this case at this time would not prejudice the creditors since the Trustee is preserving her right to receive payment on the Claim.

## III.

## THE COURT SHOULD ORDER THAT THE CLAIM WILL NOT BE ABANDONED AND ADMINISTERED UPON THE CLOSING OF THE CASE.

Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and deemed administered for purposes of section 350 of this title. 11 U.S.C. § 554(c). Abandonment under this subsection is referred to as "technical abandonment." See <u>In re Menk</u>, 241 B.R. 896, 913 (9th Cir. B.A.P. 1999).

As permitted in the preamble of section 554(c), the court may expressly order that a scheduled asset will <u>not</u> be abandoned to the debtor when a case is closed. See <u>In re Prospero</u>, 107 B.R. 732, 735 (Bankr. C.D. Cal. 1989). Such action permits a trustee to close a case, yet preserve for the estate an asset with possible future value even though it has no immediately realizable value. See <u>In re Hart</u>, 76 B.R. 774 (Bankr. C.D. Cal. 1987).

Here, any payment on the Claim is dependent on the conclusion of the appeal before the Supreme Court of California. It is currently uncertain when that appeal is anticipated to be decided. Rather than keep this case open until that time, the Trustee believes it would be better to leave the Claim unadministered and to administer any monies received in the future on the Claim, if and when received.

To avoid any "technical abandonment" of the Claim, the Trustee requests that the Claim not be deemed abandoned upon closure of this case. Such non-abandonment would be in the best interests of the estate and its creditors because it would permit the prompt closure of this case, while preserving the Claim for future administration in a reopened case if and when monies are received on the Claim by the Trustee in the future. See In re Potter, 228 B.R. 422 (8th Cir. B.A.P. 1999) (affirming court's order that closed a Chapter 7 case in which the trustee had left an asset administered, but preserved the estate's interest in such assets so as to allow the assets to be administered in a reopened case upon realization of the assets); In re Hart, 76 B.R. at 777-78.

## IV.

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;
2. Authorizing the Trustee to leave the Claim unadministered, to be administered later, in the event that the pending appeal before the Supreme Court of California is decided in favor of the Trustee;
3. Deeming that the Claim is not abandoned upon the closure of the case; and
4. Providing such other and further relief as is just and proper.

DATED: April 28, 2016            LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:     */s/ Timothy J. Yoo*
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Alberta P. Stahl
Chapter 7 Trustee

## DECLARATION OF ALBERTA P. STAHL

I, Alberta P. Stahl, declare as follows:

1. I am the Chapter 7 trustee for the bankruptcy estate of Donald Harry Barilari (the "Debtor"). This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to Leave Certain Asset of the Estate Unadministered" (the "Motion"). Unless otherwise stated, I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2. The Debtor commenced this case (the "Case") by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code on September 23, 2011.

3. Through a tip from a creditor, a potentially valuable but undisclosed asset of the Debtor was discovered (*i.e.*, his beneficial interest in a trust created by his now-deceased father). Certain dispute had arisen between the Debtor and the trustee of that trust, causing the litigation pending in the Los Angeles Superior Court as Case No. GP015711 (the "Claim").

4. The estate successfully intervened in state court, alleging that it is the true party in interest and the owner of the Claim. Although a settlement was reached among the parties, a written agreement was never executed. Now, the Claim needs to be litigated.

5. The main issue of the Claim is whether a bankruptcy trustee may attach the corpus of a spendthrift trust. That exact issue is currently being reviewed by the Supreme Court of California (Case No. S224985). It is presently uncertain when the appeal will be decided.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on April 28, 2016, at Los Angeles, California.

*/s/ Alberta P. Stahl*
ALBERTA P. STAHL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION TO LEAVE CERTAIN ASSET OF THE ESTATE UNADMINISTERED; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) *April 28, 2016*, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Patrick K Bruso    bruso005@umn.edu
- Sheri Kanesaka    generalmail@alvaradoca.com, heather.kane@piblaw.com
- Carmela Pagay    ctp@lnbrb.com
- Joseph M Raymond    MBX_ILMS_Bankruptcy@MCMCG.com
- Ramesh Singh    claims@recoverycorp.com
- Alberta P Stahl (TR)    trusteestahl@earthlink.net, astahl@ecf.epiqsystems.com;trusteestahl\;\;\;.net@cacbapp.cacb.circ9.dcn
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Timothy J Yoo    tjy@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 28, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, Pro Se
Donald Harry Barilari
716 Valley View
Monrovia, CA 91016

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 28, 2016 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**